# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERIC PETTWAY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: CV-25-474 |
| v. ) | |
| ) | |
| TOWN OF MOUNT VERNON, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT TOWN OF MOUNT VERNON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Town of Mount Vernon, by and through undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### I. NATURE OF ACTION

The statements in the "Nature of Action" section do not appear to require a response. To the extent those statements do require a response, Defendant denies same and demands strict proof thereof. Defendant further requests that the Court dismiss Plaintiff's claims with prejudice; deny all relief requested; enter judgment in Defendant's favor; award Defendant its costs as permitted by law; and grant such other and further relief as the Court deems just and proper.

### II. JURISDICTION AND VENUE

1. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 1 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

2. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 2 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

### III. PARTIES

3. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 3 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

4. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 4 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

### IV. FACTS

5. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 5 of the Plaintiff's Complaint , as stated, and therefore denies same and demands strict proof thereof.

6. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 6 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

7. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 7 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

8. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 8 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

9. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 9 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

10. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 10 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

11. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 11 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

12. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 12 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

13. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 13 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

14. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 14 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

15. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 15 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

16. Defendant denies the allegations of Paragraph 16 of the Plaintiff's Complaint and demands strict proof thereof.

17. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 17 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

18. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 18 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

19. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 19 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

20. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 20 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

21. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 21 of the Plaintiff's Complaint, as stated, and therefore denies same and demands strict proof thereof.

22. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 22 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

23. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 23 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

24. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 24 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

25. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 25 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

### V.     CAUSE OF ACTION
### COUNT I: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

26. Defendant restates and incorporates by reference all responses to the preceding paragraphs as if fully set forth herein.

27. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 27 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

28. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 28 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

### VI.     CAUSE OF ACTION
### COUNT II: FAIR LABOR STANDARDS ACT
### RETALIATION

29. Defendant restates and incorporates by reference all responses to the preceding paragraphs as if fully set forth herein.

30. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 30 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

31. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 31 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

32. Defendant does not have sufficient information in order to admit or deny the allegations of Paragraph 32 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. As and for an affirmative defense, this Defendant states Plaintiff's complaint and causes of action fail to state a claim upon which relief can be granted under the FLSA.

2. As and for a separate affirmative defense, this Defendant states Plaintiff was exempt from the overtime requirements of the FLSA under one or more exemptions.

3. As and for a separate affirmative defense, this Defendant states Defendant acted in good faith and had reasonable grounds for believing its conduct complied with the FLSA.

4. As and for a separate affirmative defense, this Defendant states some or all of the activities for which Plaintiff seeks compensation are non-compensable under the Act.

5. As and for a separate affirmative defense, this Defendant states Plaintiff was paid for all hours worked at or above the applicable rate, and was paid overtime, where due, at the appropriate rate.

6. As and for a separate affirmative defense, this Defendant states Plaintiff did not work any hours over forty in any workweek, or to the extent Plaintiff performed additional work, such work was not suffered or permitted by Defendant, was outside the scope of assigned duties, and was contrary to known policies regarding authorization and reporting.

7. As and for a separate affirmative defense, this Defendant states Defendant lacked actual or constructive knowledge of any alleged off-the-clock work. Plaintiff failed to comply with timekeeping and reporting procedures and did not notify Defendant of alleged unpaid time, preventing Defendant from paying additional compensation.

8. As and for a separate affirmative defense, this Defendant states Defendant acted in good faith in conformity with and in reliance on administrative regulations, orders, rulings, approvals, or interpretations by the U.S. Department of Labor or other authorized officials.

9. As and for a separate affirmative defense, this Defendant states any violation, which is denied, was not willful.

10. As and for a separate affirmative defense, this Defendant states to the extent mitigation is applicable to any element of damages sought, Plaintiff failed to mitigate damages.

11. As and for a separate affirmative defense, Defendant reserves the right to assert additional defenses, counterclaims, and offsets as they become known through discovery, and to withdraw any defense that is rendered inapplicable.

Respectfully submitted,

*/s/ Jay M. Ross*
JAY M. ROSS (ASB-6378-O69J)
*Attorney for Defendant*

**OF COUNSEL:**
ADAMS AND REESE LLP
11 North Water Street, Suite 23200
Mobile, Alabama 36602
Phone: (251) 433-3234
jay.ross@arlaw.com

**CERTIFICATE OF SERVICE**

   I do hereby certify that on this 30th day of December, 2025, I served a copy of the foregoing pleading upon all counsel of record via U.S. mail, first class postage prepaid, and/or electronically with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Thomas Loper, Esq.
LOPER LAW LLC
452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
tloper@loperlawllc.com
*Counsel for Plaintiff*

                */s/ Jay M. Ross*
                *Attorney for Defendant*